BOYD, Justice.
Petitioners are holders of certificates of public convenience and necessity authorizing the transportation of mobile homes and accessories over irregular routes and on irregular schedules from, to and between all points and places in Florida.
Anchor Mobile Home Movers, Inc., made application to the Commission for a certificate of public convenience and necessity to authorize the transportation of mobile homes and accessories by the tow-away method between all points and places over irregular routes in 19 counties within the State. The application was filed on May 12, 1969, but the first notice of the filing of said application was received by petitioner on May 21, 1969, by way of notice of public hearing which fixed the date for the hearing for June 5, 1969. Later the hearing was rescheduled for June 11, 1969. On June S, 1969, the petitioners propounded interrogatories to the applicant for the purpose of discovery. And on the same date a motion to postpone the then scheduled hearing to allow time for petitioners to receive and make use of the information sought by the interrogatories was filed. The motion to postpone was denied by the hearing examiner.
The first hearing was held on June 11 and petitioners at that time renewed their motion to postpone and argued the necessity of petitioners having access to the information sought by the interrogatories. The motion was denied by the examiner.
*389 On June 16, 1969, after the applicant had presented its case, the applicant filed a motion to strike the interrogatories and that motion was granted by the examiner. Respondent explains this striking of the interrogatories on the basis that since respondent, the applicant, had presented its full case by that time, the interrogatories were no longer necessary.
Petitioners made two applications for subpoenas duces tecum seeking the production of certain corporate and business records. The subpoenas were issued, the records produced in the hearing room but, upon objection by the applicant to the admissibility, relevancy and materiality of the documents, the examiner refused to allow the use of the records by petitioners.
The examiner, on September 30, 1969, recommended the granting of a large portion of the authority sought by the applicant. The Commission affirmed.
Petitioners contend that the Commission has erred in the following respects:
1. Denying to petitioners the right of discovery by interrogatories pursuant to Rule 3.10-2.87 of the Commission and as further provided for by the Florida Rules of Civil Procedure.
2. Sustaining the hearing examiner’s denial of the request of petitioners to inspect and examine certain corporate and business records of the applicant which were brought to the hearing pursuant to the subpoena duces tecum issued by the Commission.
3. Denying petitioners’ motion for production of documents for inspection, copying or photographing of the corporate and business records of the applicant.
4. Granting to the applicant the authority contained in Order #8697, herein appealed.
We find that petitioners’ first three points, supra, have merit. The Commission erred in sustaining the examiner’s action in regard to the interrogatories and other discovery measures sought to be utilized by petitioners. On remand, petitioners will be afforded the opportunity to utilize the appropriate discovery procedures, This Court releases jurisdiction to the Commission for the purpose of further hearings on point 4.
On remand to the Public Service Commission such further hearings will be held as are necessary for consideration of any additional evidence presented by the use of the discovery procedures previously denied petitioners. The applicant will also be allowed to present any additional evidence. Inasmuch as extensive hearings have already been had, this will not be a de novo proceeding, but will be in the nature of an additional hearing.
Since the applicant has been operating for some eight months by virtue of the authority granted, the ends of justice require that its operation be allowed to continue pending the outcome of these proceedings.
Accordingly, certiorari is granted and the cause remanded for further proceedings not inconsistent with the foregoing.
It is so ordered.
ERVIN, C. J„ DREW and CARLTON, JJ., and LEAVENGOOD, Circuit Judge, concur.